&AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**FILED** SEP 17 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| GERARDO RODRIGUEZ (2) | Case Number: 12CR2997-BEN |
| | RYAN THOMAS MARDOCK |
| | Defendant's Attorney |

REGISTRATION NO. 34385298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) 1, 4, 9, 11, 17 OF THE INDICTMENT.
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 and 201(b)(2)(A) and (C), 8 USC 1324(a)(2)(B)(ii) | CONSPIRACY TO BRIBE A PUBLIC OFFICIAL AND BRING IN ILLEGAL ALIENS FOR FINANCIAL GAIN | 1 |
| 8 USC 1324(a)(2)(B)(ii) and 18 USC 2 | BRINGING IN ILLEGAL ALIENS FOR FINANCIAL GAIN AND AIDING AND ABETTING | 4, 9, 11 |
| 18 USC 201(b)(1)(A) and (C) and (2) | BRIBERY OF A PUBLIC OFFICIAL | 17 |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) REMAINING _____ is ☐ are ☒ dismissed on the motion of the United States.
☒ Assessment: $500.00 ($100.00 each count) forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of not less than $25.00 per quarter during the period of incarceration.

☒ Fine waived     ☒ Forfeiture pursuant to order filed __MAY 23, 2013__, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

SEPTEMBER 9, 2013
Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

12CR2997-BEN

AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 10

DEFENDANT: GERARDO RODRIGUEZ (2)
CASE NUMBER: 12CR2997-BEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of SIXTY (60) MONTHS AS TO EACH COUNT, CONCURRENTLY.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

12CR2997-BEN

Judgment—Page __3__ of __10__

DEFENDANT: GERARDO RODRIGUEZ (2)
CASE NUMBER: 12CR2997-BEN

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE (3) YEARS AS TO EACH COUNT, CONCURRENTLY.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (CASD) (Rev. 12/11 Judgment in a Criminal Case
Sheet 4 — Special Conditions

Judgment—Page 4 of 10

DEFENDANT: GERARDO RODRIGUEZ (2)
CASE NUMBER: **12CR2997-BEN**

# SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☒ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within _____ days.

☐ Complete _____ hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐

**12CR2997-BEN**

```
                                              FILED
                                          '13 MAY 23 PM 4:10
                                        CLERK, U.S. DISTRICT COURT
                                       SOUTHERN DISTRICT OF CALIFORNIA

                                                              DEPUTY
                                        BY:
```

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 12cr2997-BEN |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| GERARDO RODRIGUEZ (2), | |
| Defendant. | |

WHEREAS, in the Indictment and two bills of particulars in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant, GERARDO RODRIGUEZ (2) ("Defendant"), pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, as proceeds of alien smuggling in violation of 8 U.S.C. § 1324, and bribery in violation of 18 U.S.C. § 201, as charged in the Indictment; and

WHEREAS, on or about March 28, 2013, the Defendant pled guilty before Magistrate Judge David H. Bartick to Counts 1, 4, 9, 11 and 17 of the Indictment, and on April 12, 2013, this Court accepted the guilty plea of Defendant, which plea included consent to the criminal forfeiture allegations pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461 as set forth in the Indictment; and

//
//

1     WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

    WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said properties, pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

    WHEREAS, pursuant to Rule 32.2(b)(3), the United States having requested the authority to take custody of the following properties which were found forfeitable by the Court, namely:

1. Movado Watch
2. Silver Ring with Black Stone
3. Sony 46" LCD TV with remote
4. Voss Motorcycle Helmet
5. Ceska Zbrojovka, Model CZ75BSA, .40 caliber semi-automatic pistol, s/n A7689X
6. Glock Model 23, .40 caliber semi-automatic pistol, s/n RKX376
7. Rock Island Armory, M1911-A1 FS, .45 caliber pistol, s/n RIA1324481
8. Apple iPad, s/n J30437GSZ38, with keyboard case
9. Apple desktop computer, s/n C02GCDFGDHJP
10. Sony Blueray, s/n 6009772 with power cord
11. Dell Inspiron laptop, s/n (01)07898349890825, with power cord
12. HP Pavilion dv7-4180us Entertainment Notebook, s/n 00196-125-348-187, with power cord
13. Mitsubishi 73" Diamond Series DLP HDTV with subwoofer
14. 8gb iPod, s/n 1C906MQF201; 8gb iPod, s/n 1E8480S9201; 16gb iPod, s/n 9C852JCL203
15. Magellan RoadMate 360 GPS, serial number 0113422027361
16. Black Smith & Wesson Body Guard 38 special & p Revolver with laser sight, s/n CRL4454BG38, and black canvas gun case
17. Money counter
18. One 2009 Jaguar, VIN SAJWA43B195B32068,
19. One 2005 Mercedes, VIN WDBRF64J45F564362,
20. One Lincoln Navigator, VIN 5LMFU27RX3LJ22603, and
21. One 2006 Harley Davidson Road King Classic, VIN 1HD1FRW146Y614176; and

    WHEREAS, in lieu of forfeiture of the Defendant's real property located at 947 Cedar Avenue, Chula Vista, CA, and all appurtenances affixed thereto, more particularly described as:

//

//

ASSESSORS PARCEL NO. 618-061-35-00

Lot Number 12; Tract 01-07, Subdivision Chula Vista TR 01-07 Cedar Par Legal Description, Lot 12 Subdivision Tract # 14470 Lot Number 2 Formatted APN 618-061-35-00

Zoning 1 Land Square Footage 8526 Acres 0.1957 Property Indicator Single Family Residence - Townhouse, filed in the Office of the County Recorder of San Diego County, May 18, 2011,

the Defendant will pay and forfeit to the United States the sum of $60,000 which the Defendant has agreed to pay by cashier's check on or before the first date scheduled for sentencing.

In the event the Defendant fails to timely pay the forfeiture judgment, the United States, in its sole discretion, may withdraw from the plea agreement or otherwise proceed against the Defendant on all other criminal charges, may seek the criminal forfeiture of the real property described in the Indictment and obtain an Order of Forfeiture for the real property in addition to the other items described above, or may proceed with sentencing. In addition, if the Defendant fails to timely pay the money judgment, and the United States elects not to pursue the forfeiture of the real property, the forfeiture money judgment in the amount of $60,000 shall be due and payable forthwith, and will bear interest thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. §1961 from the date of entry of the judgment; and

WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;" and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant GERARDO RODRIGUEZ (2) in the following properties are

//

hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

1. Movado Watch
2. Silver Ring with Black Stone
3. Sony 46" LCD TV with remote
4. Voss Motorcycle Helmet
5. Ceska Zbrojovka, Model CZ75BSA, .40 caliber semi-automatic pistol, s/n A7689X
6. Glock Model 23, .40 caliber semi-automatic pistol, s/n RKX376
7. Rock Island Armory, M1911-A1 FS, .45 caliber pistol, s/n RIA1324481
8. Apple iPad, s/n J30437GSZ38, with keyboard case
9. Apple desktop computer, s/n C02GCDFGDHJP
10. Sony Blueray, s/n 6009772 with power cord
11. Dell Inspiron laptop, s/n (01)07898349890825, with power cord
12. HP Pavilion dv7-4180us Entertainment Notebook, s/n 00196-125-348-187, with power cord
13. Mitsubishi 73" Diamond Series DLP HDTV with subwoofer
14. 8gb iPod, s/n 1C906MQF201; 8gb iPod, s/n 1E8480S9201; 16gb iPod, s/n 9C852JCL203
15. Magellan RoadMate 360 GPS, serial number 0113422027361
16. Black Smith & Wesson Body Guard 38 special & p Revolver with laser sight, s/n CRL4454BG38, and black canvas gun case
17. Money counter
18. One 2009 Jaguar, VIN SAJWA43B195B32068,
19. One 2005 Mercedes, VIN WDBRF64J45F564362,
20. One Lincoln Navigator, VIN 5LMFU27RX3LJ22603, and
21. One 2006 Harley Davidson Road King Classic, VIN 1HD1FRW146Y614176.

2. The aforementioned forfeited assets are to be held by the United States Marshals Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the Marshals Service's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant,

having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

8. In addition to forfeiture of the above assets, Defendant GERARDO RODRIGUEZ (2) shall forfeit to the United States the sum of $60,000.00 (U.S. dollars) pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, which sum the Defendant has agreed to pay by cashier's check on or before the first date scheduled for sentencing.

9. The Clerk of the Court is directed to enter a judgment in favor of the United States against Defendant in the amount of $60,000 with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

10. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment.

//
//
//

11. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: 5/16/13

HONORABLE ROGER T. BENITEZ
United States District Judge